```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA             :
                                     :     19-CR-862 (VEC)
         -against-                   :
                                     :     ORDER
EMMANUEL BONAFE,                     :
                                     :
                         Defendant.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS Defendant Emmanuel Bonafe has filed a third motion for reconsideration of his pretrial detention, this time based on Westchester County Correctional Facility's COVID-19 policies, which prevent Mr. Bonafe from reviewing electronic discovery for the time being, Dkt. 122; and

WHEREAS defense counsel requests either Mr. Bonafe's release or the receipt of funds pursuant to the Criminal Justice Act (CJA) to make physical copies of electronic discovery, so that Mr. Bonafe may prepare for trial, which has not yet been scheduled;

IT IS HEREBY ORDERED that Mr. Bonafe's renewed application is DENIED as to his release; defense counsel, who is not court-appointed, may provide additional information *ex parte* and under seal, concerning his fees and costs, for this Court to assess what CJA funds, if any, should be granted.  Courts considering pre-trial release based on interference with a defendant's ability to prepare for trial look to factors such as "(1) the time and opportunity the defendant has to prepare for the trial and participate in his defense, (2) the complexity of the case and volume of information, and (3) expense and inconvenience associated with preparing while incarcerated." *United States v. Cecrle*, No. 12-CR-400, 2014 WL 31674, at *4 (D. Nev. Jan. 3, 2014).  Under 18 U.S.C. § 3142(i), release must be "necessary" for the defendant to prepare for

his defense. Accordingly, a request for release is denied if there are other means of accommodating defendant's rights. *See, e.g.*, *United States v. Dupree*, 833 F. Supp. 2d 241, 249 (E.D.N.Y. 2011); *United States v. Jeffries*, No. 10-CR-100, 2011 WL 182867, at *4 (E.D. Tenn. Jan. 20, 2011). Here, the Court finds that release is unnecessary, because the COVID-19 pandemic is a temporary exigency, no trial date has been set (and is unlikely to take place in the near future due to social distancing reasons), Mr. Bonafe is able to communicate with his counsel and has had access to the electronic discovery prior to the pandemic conditions, and Westchester County Correctional Facility has indicated that Mr. Bonafe may receive an unlimited amount of paper discovery. While discovery in the case involves audio and video that cannot be fully reproduced in paper format, defense counsel's letter suggests that Mr. Bonafe can nonetheless make productive use of his time by reviewing other documents to prepare for his defense.

IT IS FURTHER ORDERED that no later than **April 21, 2020**, defense counsel must file a letter, *ex parte* and under seal, making a more detailed showing as to what services his retainer is intended to cover, defendant's financial need (supported by a financial affidavit signed by Mr. Bonafe), and the amount of funding being requested. Specifically, counsel must disclose whether his $75,000 retainer covers trial expenses (should there be one), the amount of money that defendant's family expects to receive through refinancing, the expected volume and cost of documents that counsel intends to print and mail, whether counsel has reviewed those documents and determined them to be relevant for Mr. Bonafe's review, and the amount of funds requested.

**SO ORDERED.**

**Dated: April 14, 2020**
       **New York, NY**

                                                                                                             **VALERIE CAPRONI**
                                                                                                             **United States District Judge**